(No. 22866.—

H. MILLER, doing business as New Jefferson Hotel Company, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SOPHIA AMBROSE, Defendant in Error.)

*Opinion filed June 14, 1935.*

WENDELL H. SHANNER, for plaintiff in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On July 25, 1928, Frank Ambrose, while in the course of his employment, received injuries from which he died. On September 20, 1928, Sophia Ambrose, his widow, filed application for adjustment of claim with the Industrial Commission. The arbitrator on October 10, 1928, entered an award for $4550, which was the maximum amount payable under sub-paragraph (*h*)-3 of section 7. The award required payment of compensation for 252-7/9 weeks at $18. Ambrose left three children under sixteen years of age and one crippled child sixteen years old. On October 11, 1928, the last 32 weeks' compensation was commuted to a lump sum of $506.71. Thereafter the employer paid the installments as they fell due until June 9,

1931, when Sophie Ambrose, a daughter, became eighteen and was then physically and mentally competent. From June 9, 1931, until October 9, 1932, the employer reduced the amount of the payments from $18 to $16 per week. On this latter date Bennie Ambrose became eighteen years of age, and he was also then physically and mentally competent. Plaintiff in error paid $4337.37 on the award. On May 2, 1933, he filed a petition with the Industrial Commission asking that it order the widow, Sophia Ambrose, to accept the sum of $22.14 and to execute a final voucher or receipt showing that the employer had discharged his obligation under the award. The relief prayed in the petition was denied by the commission and by the superior court of Cook county on *certiorari*. The case is here on writ of error.

But one issue, a construction of a proviso in paragraph (*a*) of section 7 of the Workmen's Compensation act as it stood in 1928, is presented. It provides compensation as follows:

"(*a*) If the employee leaves any widow, child or children whom he was under legal obligations to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than one thousand six hundred and fifty dollars and not more in any event than three thousand seven hundred and fifty dollars. *Provided,* that when an award has been made under this paragraph, where the deceased left at the time of his death a widow and one child under sixteen years of age him surviving, the compensation payments and death benefits to the extent the same were increased because of the existence of said child, in so far as same have not been paid, shall cease and become extinguished when said child arrives at the age of eighteen years, if said child is physically and mentally competent at that time." (48 S. H. A. sec. 144*a*, note.) This proviso was added by the amendment of 1927. Laws of 1927, p. 499.

Plaintiff in error contends the words "one child," appearing above, should be construed to mean "children," so as to preserve uniformity in the application of the statute. The widow has filed no brief in this court. Before the Industrial Commission and the superior court she contended that there was still due to her the sum of $195, and she denied the employer's right to deduct two dollars per week from the award because of the fact that her child Sophie became eighteen years of age on June 9, 1931.

Plaintiff in error insists that since awards are increased because of the number of dependent children, in all cases these awards should be diminished where children cease to be dependent or reach eighteen years of age and are physically and mentally competent. Although words importing the singular number may be construed to include two or more where the legislature's evident purpose was to deal with more than one person or thing, no such intention is shown by the plain and unambiguous language of paragraph (a) of section 7. It provides that where a deceased employee left surviving him a widow and one child, compensation payments and death benefits to the extent they were increased because of the "existence of said child" shall cease and become extinguished when "said child" becomes eighteen years of age and is physically and mentally competent. The legislature intended to include but one case, viz., a widow and one child. No reference is made to the case where no widow survives and there are children under sixteen years of age or where there is a widow and two or more such children. The construction urged by plaintiff in error would render the act indefinite and uncertain. The result here was an increase of $800 in the compensation payable because there were three children under sixteen. However, the same increase would have occurred if there had been more than three such children. In this case the record shows there was a fourth child who was sixteen but who was crippled and dependent.

It is idle to speculate in any case what would have to be deducted from the weekly payments of compensation on account of the oldest child becoming eighteen, if the paragraph were construed in accordance with plaintiff in error's contention. In the case before us there would still remain three dependent children after the daughter Sophie became eighteen.

Plaintiff in error urges that he will be deprived of the equal protection of the law if paragraph (a) of section 7 is construed to allow no reduction in compensation payments except where there is a widow and one child. The case before us comes under sub-paragraph (h)-3 of section 7. By it no specific amount is added to the award by reason of ·the existence of a child or children but it raises the maximum amounts payable. It leaves four times the average annual earnings as the basis of the award in each of the three classes of cases it covers. However, if a definite additional amount had been named by it to be paid in each of the three classes of cases as in sub-paragraph (h)-2, plaintiff in error would not have been discriminated against and there would have been no denial of equal protection of the law.

The proviso in paragraph (a) of section 7 applies to the case of a widow and one child. Paragraph (h) of section 7 deals with the class of cases where there may be no widow, and this fact, alone, would warrant the legislature in dealing differently with such a class. The fact that it directed that the award be reduced in a case involving a widow and one child who later becomes eighteen years of age furnishes no reason for holding that the act is discriminatory because it does not require that awards be reduced in cases involving a different class of beneficiaries. The construction we have given paragraph (a) of section 7 is not open to the constitutional objections urged against it.

The judgment of the superior court of Cook county is therefore affirmed.

*Judgment affirmed.*