(No. 36960.—

ALBERT MEAD, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.,*—(FERDE ROYAL HANCE, Plaintiff in Error.)

*Opinion filed June 6, 1962.*

KLOHR, MERRICK, BRAUN & LYNCH, of Chicago, (MARK A. BRAUN, of counsel,) for defendant in error.

BATEMAN, DANIELS, ROSS and SODARO, of Chicago, (DEAN J. SODARO, of counsel,) for plaintiff in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case requires an interpretation of the somewhat involved provisions of the Workmen's Compensation Act that relate to the increase and decrease of death awards when a minor child survives the deceased employee.

The petitioner is Ferde Hance, the only son of Harry Hance, who suffered injuries that caused his death while he was employed by the respondent, Albert Mead. Ferde Hance was born on February 5, 1943, and his mother and father had been divorced before his father was injured. After his father's death, an application for adjustment of claim was filed in his behalf with the Industrial Commission. The arbitrator concluded that the petitioner was a child whom the decedent was under a legal obligation to support, within the terms of section 7(a) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1955, chap. 48, sec. 138.7(a),) and awarded the petitioner $9750 to be paid at the rate of $35 per week for 278 weeks and $20 for one week.

The respondent did not seek to review this award, but on February 14, 1961, after the petitioner's eighteenth birthday, the respondent requested the Commission to extinguish the entire unpaid balance due on the award. After a hearing, the Industrial Commission denied this request, but on review in the superior court of Cook County the Commission's order was reversed and the total unpaid balance due on the award was extinguished. We issued a writ of error to review the judgment of the superior court.

The pertinent provisions of section 7 of the Workmen's Compensation Act, then applicable, are as follows:

"§ 7. The amount of compensation which shall be paid for an accidental injury to the employee resulting in death shall be:

### Widow, child or children surviving

(a) If the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his accident, a sum equal to 9.25 times the average earnings of the employee, but not less in any event than $6,000.00 and not more in any event than $9250.00. When an award has been made under this paragraph, where the deceased left at the time of his death a widow and one child under 18 years of age surviving him, the compensation payments and death benefits to the extent the same were increased because of the existence of said child, insofar as same have not been paid, shall cease and become extinguished when said child arrives at the age of 18 years, if said child is physically and mentally competent at that time.

\*    \*    \*    \*

"The term 'such child' means a child whom the deceased employee left surviving him including a child legally adopted before the accident, and who, at the time of the employee's death was under 16 years of age or who at the time of the employee's death had reached 16 but was still under 18 and was then not emancipated and is shown to have been substantially dependent upon the employee for support. The term 'such children' means the plural of 'such child.'

\*    \*    \*    \*

"3. Whenever in paragraph (a) of this section a maximum of $9250.00 is provided, such maximum shall be increased in the following cases to the following amounts:

$9750.00 in case of 1 such child.

$10,500.00 in case of 2 such children.

$11,500.00 in case of 3 such children.

$12,000.00 in case of 4 or more such children."

The employer contends that under this statute "if it had not been for the existence of the child no compensation in any amount could have been awarded and therefore it is seen that the amount awarded in this case was increased from nothing to $9,750 because of the existence of the

child." Upon this assumption it is further argued that under the diminution provision of the statute the entire balance of the award must be extinguished when the petitioner reaches eighteen. The basic assumption, however, misconstrues the statute. It is clear that the petitioner was a "child" within the terms of the first sentence of section 7(a) and that $9,250 was properly awarded to him on that basis. The balance of the award was apparently based on the fact that the petitioner was a child under eighteen years of age and it is only to this portion of the award to which the diminution provision could apply. Though there may be some question as to whether, when no widow survives, a child should receive the original award plus an increment because he is under eighteen, the employer has not attacked the amount of the original award. The only question which we must decide, then, is whether it was proper to extinguish the unpaid balance of the award entirely. Since we answer that question in the negative we do not reach the petitioner's contention, based upon *Miller* v. *Industrial Com.* 360 Ill. 590, that the diminution provision has no application on these facts because the decedent did not leave a "widow and one child."

The judgment of the superior court of Cook County is reversed.

*Judgment reversed.*